UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Raymond E. Taylor, Sr.,

Plaintiff,

vs. ORDER

Michael J. Stalka, Counselor;
David Duncan, Unit Manager;
Constance Reese, Warden, John
Does Known and Unknown, et al.,

Defendants. Civ. No. 00-1020 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 23rd day of May, 2000.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Application to Proceed in forma pauperis. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

For reasons which follow, the Plaintiff is directed to file a prison trust account statement, certified by the appropriate prison official, and an Amended Complaint that sets forth, and documents, his efforts to exhaust his available administrative remedies in

FILED MAY 23 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

seeking redress for his alleged constitutional deprivations, at the hands of the Defendants, **within 30 days of the date of this Order.** Should he fail to do so, we will be obligated to recommend that this action be dismissed, and/or that his Application to Proceed in forma pauperis be denied.

## II. Factual and Procedural Background

The Plaintiff, who identifies himself as an inmate at the Federal Medical Facility, in Stillwater, Minnesota ("FMC-Stillwater"), filed a civil Complaint, pursuant to Title 42 U.S.C. §1983, and the doctrine enunciated in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming that the Defendants violated his Eighth Amendment rights, for which he seeks damages in an amount to be determined by a Jury. His Complaint was accompanied by an Application to proceed in forma pauperis.

According to his Complaint, the Plaintiff has undergone a quadruple heart bypass, and has been diagnosed with a sternum that is "in a non-union state," for which he underwent another surgery, that failed to correct the condition. The Plaintiff also relates that, while incarcerated, he has been the victim of several fainting episodes, in which he fell and sustained unspecified damage to his spine. He relates that he is presently awaiting surgery which will attempt to correct his spinal injury.

Notwithstanding his purportedly frail medical condition, the Plaintiff declares that, since September of 1999, he and Michael J. Stalka ("Stalka"), who is identified as a counselor at FMC-Stillwater, "have been at each others [sic] throats." Complaint, at 2. As a result of the asserted animosity between the Plaintiff and Stalka, the Plaintiff alleges that Stalka has assigned him to perform cleaning duties that, in addition to being unnecessary, are violative of his rights under the Eighth Amendment, because they are inappropriate for a person with his medical infirmities.[1] In his Complaint, the Plaintiff asserts that he filed a "BP9, Administrative Remedy action" against Stalka, but he goes on to state that, "now that it has been filed, the Plaintiff wishes to file this Civil Action against Counselor Stalka and his superiors." Id. The Plaintiff has submitted no supporting papers which reflect that he has, in fact, exhausted the available administrative avenues to redress his complaints. Nor has he so much as averred that the administrative process that he began -- by filing a BP9, Administrative Remedy action -- was completed, or with what result.

[1]The Plaintiff does not complain that any particular injury has resulted from Stalka having assigned him -- on the single occasion described as a constitutional violation in his Complaint -- to buff polish the floor of the Plaintiff's room.

III. Discussion

A. Prisoner Account Statement. In responding to the proliferation of prisoner complaints, Congress enacted the Prisoner Litigation Reform Act ("PLRA"), which has "'the principal purpose of deterring frivolous prisoner litigation * * *.'" Murray v. Dosal, 150 F.3d 814, 816 (8th Cir. 1998), 119 S.Ct. 1467 (1999), quoting Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997), citing H.R. Conf. Rep. No. 104-378, at 166-67 (1995). In promulgating the PLRA, Congress "was obviously concerned that the limited resources of the federal judiciary not be expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task." Roller v. Gunn, 107 F.3d 227, 230 (4th Cir. 1997), cert. denied, 522 U.S. 874 (1997).

The PLRA attempts to curb the flood of frivolous prisoner filings, in part, by limiting the extent of redress available under Title 28 U.S.C. §1915. As a prison inmate, the Plaintiff is ineligible to obtain full relief from the filing fee in this action. See, Title 28 U.S.C. §1915(b)(2). According to Section 1915(b), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." As our Court of Appeals has recently explained:

> Even though seeking IFP status, the prisoner is required to pay the full amount of the fee. The court assesses and, when funds exist, col-

> lects as partial payment of the court fees required by law, an initial partial filing fee of 20% of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> * * *
>
> After paying the initial filing fee, the prisoner must make monthly payments equal to 20% of the preceding month's income credited to his prison account. 28 U.S.C.A. § 1915(b)(2). So long as the prisoner's account exceeds $10, prison officials are given authority to take the 20 percent. These payments are sent to the clerk of the court. The payments are deducted from the accounts until the full filing fee has been paid.

Murray v. Dosal, supra at 817.

To facilitate this initial calculation, Section (a)(2) requires inmates to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint * * * **obtained from the appropriate official of each prison at which the prisoner is or was confined.**" [Emphasis added].

Absent a certification by the appropriate prison official, the Application to proceed in forma pauperis is incomplete. Our Court of Appeals has held, however, that the certified account statement need not be supplied when an action is filed. "Instead, the prisoner should be allowed to file the complaint and then supply a

prison account statement within a reasonable time." Garrett v. Clarke, 147 F.3d 745, 746 (8th Cir. 1998), citing Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997)(District Court to notify prisoner to supply prison account statement within thirty days of filing appeal in forma pauperis; and the Court can provide more time for good cause).

The Plaintiff has not included a certified prison trust account statement with his Application. Instead, he has included a signed authorization permitting the Clerk of Court to obtain information related to the status of his prison account. [Docket No. 2]. As noted, however, the onus is upon the Plaintiff, and not upon the Clerk of Court to obtain and submit a certified prison trust account statement from the appropriate prison official. We will permit the Plaintiff a reasonable amount of time to amend his Application to cure this defect. Therefore, the Plaintiff shall have **30 days from the date of this Order**, in which to file a certified trust fund account statement, signed by the appropriate official at FMC-Stillwater. If the Plaintiff fails to do so, we will recommend that his Application to proceed in fora pauperis, be denied. To this end, we direct the Clerk of Court to include with this Order the form entitled "Application to Proceed Without Prepayment of Fees and Affidavit," which includes the requisite certified trust fund account statement.

B. Exhaustion of Administrative Remedies. An initial screening of the Plaintiffs' Complaint, pursuant to Title 28 U.S.C. §1915A, discloses that it does not reveal whether the Plaintiff has exhausted his administrative remedies through the available prisoner grievance process at FMC-Stillwater, thereby subjecting his claims to the potential of summary dismissal. Pursuant to the PLRA, a District Court is required to screen prisoner civil actions which seek redress from the government, or from government officials or employees, and must dismiss any prisoner Complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted * * *." Title 28 U.S.C. §1915A.[2] A Complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also, Christiansen v. Clarke, 147 F.3d 655, 658 (8th Cir. 1998), cert. denied, 525 U.S. 1023 (1998); Williams v. Hopkins, 130 F.3d 333, 335 (8th Cir. 1997), cert. denied, 522 U.S. 1010 (1997).

By its terms, Section 1915A also requires dismissal if the Complaint would not survive a Motion pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. See, Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998); Duamutef v. Morris, 956 F. Supp. 1112, 1114 (S.D.N.Y. 1997); Lugo v. Immigration and Natur-

[2]The Statute does not exempt fee-paying prisoners from the Court's initial review.

alization Serv., 950 F. Supp. 743, 745 (E.D. Va. 1997); Jones v. Russell, 950 F. Supp. 855, 856 (N.D. Ill. 1996). Under the Rule 12(b)(6) standard, a pro se Complaint, no matter how deficiently pled, withstands scrutiny "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972)(per curiam); see also, Smith v. St. Bernard's Regional Med. Center, 19 F.3d 1254, 1255 (8th Cir. 1994).

Here, it appears that the Plaintiff has not exhausted his administrative remedies, which is an absolute bar to the relief he requests. Title 42 U.S.C. §1997e requires that prisoners exhaust their available administrative remedies prior to filing suit in Federal Court under Title 42 U.S.C. §1983, or under other provisions of Federal law. Section 1997e(a), as amended by the PLRA, provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

Title 42 U.S.C. §1997e(a).

As the Plaintiff's Complaint unmistakably addresses the conditions of his confinement at FMC-Stillwater, he has an absolute obligation to exhaust his "available" administrative remedies. The Plaintiff, however, has failed to aver that he has exhausted those remedies

which are "available" to him, and which he has implemented, at least according to the allegations of his Complaint. As such, he is barred from pursuing relief, in Federal Court, until he has demonstrated that the exhaustion requirement has been satisfied, or that the law allows an exemption from that requirement.

The Plaintiff has averred that he filed a "BP9, Administrative Remedy action" against Stalka, but he has not demonstrated that the grievance process was exhausted. As a result, it is not clear, from the face of his Complaint, that the administrative process that he initiated has been brought to a conclusion. Nor has the Plaintiff disclosed whether an appeal of any adverse decision, obtained in the grievance process, has been pursued or is pending. Absent these showings, the Plaintiff has not demonstrated, as he must, that he has exhausted the administrative avenues that are available to redress the asserted constitutional deprivations of which he complains.

Given these barriers to relief, we direct the Plaintiff, if he intends to pursue this action, to amend his Complaint so as to cure the noted deficiencies **by no later than 30 days from the date of this Order.** We remind the Plaintiff, in considering any potential amendments, of the obligations that he owes to the Court by virtue of Rule 11, Federal Rules of Civil Procedure. As with the completion of his Application to proceed in forma pauperis, which we

have already addressed, if the Plaintiff fails to amend his Complaint so as to clear the procedural bars to relief that we have noted, within the prescribed time limit, we will recommend that his action be dismissed.

NOW, THEREFORE, It is --

ORDERED:

1. That if the Plaintiff intends to pursue this action, he shall file a signed certified prison trust account statement, **within 30 days of the date of this Order.**

2. That the Clerk of Court is directed to forward to the Plaintiff the form entitled "Application to Proceed Without Prepayment of Fees and Affidavit."

3. That if the Plaintiff intends to pursue this action, he shall file an Amended Complaint setting forth and documenting his efforts to exhaust his available administrative remedies via the prisoner grievance process at FMC-Stillwater, **within 30 days of the date of this Order.**

4. If the Plaintiff fails to comply with these directives within the prescribed time period, we will recommend that this action be dismissed without prejudice.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

# *UNITED STATES DISTRICT COURT*

DISTRICT OF MINNESOTA

______________________________, Plaintiff

v.

______________________________, Defendant

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

CASE NUMBER:

I, ______________________________ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion or appeal.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?: ☐ Yes ☐ No (If "No" go to Part 2)

   If "Yes" state the place of your incarceration ______________________________

   Are you employed at the institution? _____ If "yes", what income do you receive from the institution? _____

   What is your social security number? ______________________________

   YOU MUST HAVE THE INSTITUTION FILL OUT THE CERTIFICATE PORTION OF THIS AFFIDAVIT SHOWING THE PAST SIX MONTHS' TRANSACTIONS FOR YOUR PRISON ACCOUNT. A ledger sheet showing such transactions also should be attached.

2. Are you currently employed? ☐ Yes ☐ No

   a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☐ Yes ☐ No

   b. Rent payments, interest or dividends ☐ Yes ☐ No

   c. Pensions, annuities or life insurance payments ☐ Yes ☐ No

   d. Disability or workers compensation payments ☐ Yes ☐ No

   e. Gifts or inheritances ☐ Yes ☐ No

   f. Any other sources ☐ Yes ☐ No

   If the answer to any of the above is "Yes" describe each source of money and state the amount received and what you expect you will continue to receive on number 7 of this form

4. Do you have any cash or checking or savings accounts? ☐ Yes ☐ No

If "Yes" state the total amount ____________________

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☐ Yes ☐ No

If "Yes" describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

7. Additional information:

I declare under penalty of perjury that the above information is true and correct.

____________________ ____________________________________

DATE SIGNATURE OF APPLICANT

## CERTIFICATE

(Incarcerated applicants only)
(To be completed by the institution of incarceration)

I certify that the applicant named herein has the sum of $ ____________________ on account to his/her credit at (name of institution) ______________________________. I further certify that the applicant has the following securities to his/her credit: ____________________________________
______________________________________________________________________

I further certify that in the 6-month period immediately preceding the filing of the complaint/petition/motion or notice of appeal, the average monthly deposits to the prisoner's account was $ ____________________, and the average monthly balance in the prisoner's account was $ ____________________.

____________________ ____________________________________

DATE SIGNATURE OF AUTHORIZED OFFICER